**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ESMERALDA CONTRERAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:26-cv-03109** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PANDA EXPRESS INC.,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Esmeralda Contreras ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Panda Express Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendant's sex-based discrimination, sex-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction have been satisfied.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

**THE PARTIES**

8. Plaintiff, Esmeralda Contreras, is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Cook County, Illinois.

9. Defendant, Panda Express, Inc., whose address is 2300 Harlem Avenue, North Riverside, IL 60546-1414 is a corporation that at all times material to the allegations in this Complaint was doing business in and for Cook County, Illinois.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

**BACKGROUND FACTS**

12. Plaintiff worked for Defendant as a Customer Service Representative from on or about September 22, 2023, until Plaintiff's unlawful termination on or about May 14, 2025.

13. Plaintiff met or exceeded Defendant's performance expectations throughout the entire duration of her employment.

14. Plaintiff is female and is a member of a protected class because of her sex (female).

15. Since in or around January 2024, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has subjected Plaintiff to a hostile work environment on the basis of sex, violating Title VII.

16. In or around January 2024, Plaintiff began experiencing sexual harassment from one of Defendant's cooks, Silverio, who also went by Juan.

17. Silverio would tell Plaintiff's co-workers that he wanted to have sexual intercourse with her and said he would if Plaintiff wasn't so young.

18. As time passed, Silverio became more comfortable with his inappropriate behavior and began making sexual comments towards Plaintiff directly.

19. For example, Silverio would make comments about his attraction to young women and offering Plaintiff money to marry him.

20. On one occasion, Silverio stated, "Sure, I can open you up," when Plaintiff asked for help opening something.

21. Plaintiff understood this comment to be sexually charged, highly explicit, and was unwelcome.

22. On or about September 7, 2024, Plaintiff reported the unwelcome behavior to Defendant's Assistant Manager Javi (LNU).

23. Specifically, Plaintiff reported that Silverio and Pancho would look at Plaintiff uncomfortably and discuss Plaintiff sexually.

24. In or around late 2024, Silverio told Plaintiff that he was married to a thirteen (13) year old girl when he was twenty-three (23) and wishes to go back to Mexico.

25. Further, he stated that young girls like Plaintiff don't want to give into marrying him.

26. On one occasion, he offered Plaintiff money in exchange for sex, marriage, and to move in with him.

27. Following this comment, Plaintiff further engaged in protected activity and reported Silverio to Brenda, Defendant's general manager.

28. In or around February 2025, Plaintiff engaged in protected activity and reported the ongoing sexual harassment to her Area Code of Operations, Nancy.

29. In response, Nancy assured Plaintiff that an investigation would be initiated.

30. However, to Plaintiff's knowledge, Defendant did not investigate her report or take any remedial action.

31. Despite Plaintiff's report of sexual harassment to Defendant's management, Plaintiff continued to be subjected to sexual harassment.

32. On one occasion, Plaintiff requested for assistance which Silverio responded, "I can put it inside you."

33. Silverio's comment was an explicit reference to his penis and further subjected Plaintiff to a hostile work environment on the basis of her sex (female).

34. Over the course of her employment, Plaintiff engaged in protected activity by reporting this behavior on four to five times, the last of which was in or around early April 2025.

35. Plaintiff reported the behavior to Defendant's management including Brenda Duran and Javi (LNU).

36. Despite Plaintiff's repeated reports, Defendant continued to fail to take any remedial action allowing for Plaintiff to continue to be subjected to sexual harassment.

37. In or around mid-April 2025, Silverio was finally transferred to another location after reportedly pulling another female close to him without her consent.

38. This was not the first time Silverio had been transferred for similar behavior, according to internal comments.

39. Upon information and belief, Plaintiff believed this was his third transfer due to sexual harassment complaints.

40. One of Defendant's shift leaders told Plaintiff that he was nevertheless retained because he was considered one of the best and fastest cooks.

41. Therefore, Defendant was permitting Silverio's behavior despite having been reported multiple times for sexual harassment.

42. Throughout Plaintiff's tenure, Plaintiff was told of multiple individuals within her protected class who suffered from sexual harassment by the same individual including Alicia (LNU), Perla (LNU), and shift leader Brenda (LNU).

43. On or about May 14, 2025, Plaintiff was terminated by Nancy for allegedly giving away a free cup.

44. Prior to this, Plaintiff only had one corrective action on file, from in or around December 2024, regarding a customer complaint for missing a fortune cookie.

45. On the same day Plaintiff was terminated, another female employee, Keyra (LNU), who had also filed a sexual harassment complaint against Silverio, was fired for giving food to her sister.

46. Neither Plaintiff nor Keyra had any serious disciplinary history and infractions were minor.

47. However, Silverio, who had multiple sexual harassment complaints, was never disciplined – only transferred.

48. Therefore, individuals outside Plaintiff's protected class (males) were subject to different terms and conditions of employment by being transferred rather than terminated.

49. Despite Plaintiff being sexually harassed to the point she felt she had no other option but to report the harassment to Defendant's management, Plaintiff was terminated shortly after making her last complaint.

50. Ultimately, Plaintiff was unlawfully terminated because of her sex, (female) on or about May 14, 2025.

51. The temporal proximity between Plaintiff's last report and termination indicates that Plaintiff's termination was a result of her protected activity.

52. This is further evidenced by the fact that another employee who reported sexual harassment against the same employee was also terminated.

53. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

54. Plaintiff reported the sex-based discrimination and harassment to Defendant.

55. Plaintiff was targeted for termination because of her sex and reporting of illegal activity.

56. Plaintiff suffered multiple adverse employment actions including, but not limited to, being terminated.

57. There is a basis for employer liability for the sex-based discrimination and harassment to which Plaintiff was subjected.

58. Plaintiff can show that she engaged in statutorily protected activity—a necessary component of her retaliation claim—because Plaintiff reported sexual harassment on multiple occasions to Defendant's management.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

59. Plaintiff repeats and re-alleges paragraphs 1-58 as if fully stated herein.

60. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

61. Plaintiff met or exceeded performance expectations.

62. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

63. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

64. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex, female.

65. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

66. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Sex-Based Harassment)**

67. Plaintiff repeats and re-alleges paragraphs 1-58 as if fully stated herein.

68. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

69. Defendant knew or should have known of the harassment.

70. The sex-based harassment was severe or pervasive.

71. The sex-based harassment was offensive subjectively and objectively.

72. The sex-based harassment was unwelcomed.

73. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e*, et seq*., due to Plaintiff's sex, female.

74. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

75. As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Retaliation)**

76. Plaintiff repeats and re-alleges paragraphs 1-58 as if fully stated herein.

77. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

78. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex-based discrimination and harassment.

79. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

80. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex-based discrimination and harassment.

81. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

82. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

83. By virtue of the foregoing, Defendant retaliated against Plaintiff in response to Plaintiff reporting the sex-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

84. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

85. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 19th day of March, 2026.

**/s/ *Sophia K. Steere***
**SOPHIA K. STEERE, ESQ.**
**NATHAN C. VOLHEIM, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7634
Fax (630) 575 - 8188
ssteere@atlaslawcenter.com
nvolheim@sulaimanlaw.com
*Attorneys for Plaintiff*